LOGIA CABALLEROS DEL PLATA NO. 9758, ETC., Plaintiff and Appellant, *v.* LUCÍA GARCÍA MÉNDEZ ET AL., Defendants and Appellees.

No. 9393. Argued June 2, 1948.—Decided July 6, 1948.

*Osvaldo Aponte* for appellant.    *Víctor M. Pons* for appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

This case is now submitted to our consideration for the second time.   See *Logia Caballeros del Plata* v. *García*, 63 P.R.R. 279.

By a deed dated August 6, 1936, Logia Caballeros del Plata No. 9758 appeared to sell to defendant Lucía García

Méndez a lot with a frame house thereon situated in the Municipality of Cayey. The plaintiff in its complaint filed in the District Court of Guayama, alleged as a first cause of action that the contract of purchase and sale contained in the said deed is nonexistent; (1) because the real purchaser was defendant Miguel García Méndez, who at that time was a member of the lodge and also of its board of directors; (2) because from the date of the contract defendant García Méndez, and not defendant Lucía García Méndez, has been in actual possession of the property as owner thereof; and (3) because ever since the property was acquired by the plaintiff, it has belonged to the Grand Order of Oddfellows of America and the board of directors of the plaintiff lodge lacked authority to alienate it without the consent of the said Grand Order, which consent was never obtained. The second cause of action deals with the recovery of the property, and it is alleged therein that the defendants held possession of the property without any title thereto and against the express will of the plaintiff. The latter alleges that it is ready to reimburse to the defendants the sum paid by them to the representatives of the lodge as the selling price.

In the bill of particulars filed by the plaintiff it is stated that the reason why plaintiff lacks authority to alienate the property without the consent of the Grand Order of Oddfellows of America is "that the latter is the supreme body of said organization and that under its by-laws and regulations it is bound to supervise all the dealings of the local chapters, and insofar as property is concerned, the Grand Order of Oddfellows of America in almost every case contributes with money to the purchase thereof." To support that allegation the plaintiff, in a supplemental bill of particulars cites Article 11, Section 5 and succeeding Sections of the Constitution of the District Grand Lodge, which was approved at a meeting held in Philadelphia on July 12, 13, and 14, 1880, and which is still in force.

The defendants answered and specifically denied the es-

sential averments of the complaint, and as special defenses they set up the insufficiency of the complaint and the prescription of the action, pursuant to the provisions of § 1253 of the Civil Code, since the action involved is one for the annulment of a contract and not to establish the nonexistence thereof. As new matter they alleged that the plaintiff lodge, constituted and registered in the office of the Executive Secretary of Puerto Rico on July 23, 1941, "is not the same entity or artificial person which had the same name and which on August 6, 1936, owned, and sold to the defendant Lucía García Méndez, the property described in the complaint; that the plaintiff body is not now nor was at any time owner of the property in controversy, which was sold to the defendant before the plaintiff had any legal existence; that said sale was consented to and ratified by each and all of the members who constituted said lodge at the time the sale was made; that the sale was carried out at the instance of the vendor lodge, for the just and reasonable price of $1,500, at a time when the vendor was in imminent danger of losing the property because it lacked funds to pay a mortgage and taxes which encumbered said property; that the vendor lodge was dissolved by Act No. 14, approved on April 9, 1941; that the incorporators of the plaintiff lodge are distinct from the persons who constituted the Logia Caballeros del Plata, which was the owner of the property in controversy; that in accordance with the by-laws and regulations of the Grand Order, the Lodge dissolved in 1941 can not be reincorporated, reorganized, nor obtain its new charter or constitution from the Grand Order "unless it be at the request of not less than seven members of the lodge at the time of its dissolution; that none of said members requested the charter which the plaintiff has or participated in its organization; and, lastly, that at the time the sale was effected the Grand Order had no intervention or participation whatsoever in the administration of the properties of the lodges affiliated thereto, and the consent of said Grand Order for the

alienation of the property belonging to the vendor lodge was not necessary.

Defendant Lucía García Méndez in a cross complaint prayed that, in case the complaint were sustained, the plaintiff lodge be adjudged to pay to the cross-claimant, in addition to the selling price—$1,500—the sum of $191.93 as taxes paid on the property, plus $2,104.38 as expenses incurred in the preservation of the property.

On April 2, 1947, the lower court rendered judgment for the defendants and adjudged the plaintiff to pay the costs and $250 as attorney's fees. In the present appeal the plaintiff contends that the trial court erred in holding that the plaintiff lodge and the "Logia Caballeros del Plata No. 9758 de Cayey," which sold the property to the defendants, are two distinct corporations, since the latter had been dissolved by Act No. 14 of April 9, 1941, thereby losing its capacity to sue or be sued.

The documentary evidence introduced by both parties (plaintiff's Exhibits D and F and defendant's Exhibits 5 and 14) shows (a) that the articles of incorporation of "Respetable Logia Caballeros del Plata No. 9758" were filed in the office of the Executive Secretary of Puerto Rico on August 2, 1920; (b) that this association was dissolved by Act No. 14 of April 9, 1941; and (c) that the articles of incorporation of "Respetable Logia Caballeros del Plata No. 9758," plaintiff-appellant herein, were filed in the office of the Executive Secretary on July 23, 1941.

The articles of incorporation of the plaintiff lodge contain the following clause:

"9. This association shall be the successor and continuator of "Respetable Logia Caballeros del Plata No. 9758," which was incorporated in the office of the Executive Secretary of Puerto Rico on August 2, 1920. This Association was dissolved by the Legislature of Puerto Rico, Act No. 14, approved April 9, 1941."

The contention of the plaintiff is that both lodges, the one organized in 1920 and dissolved in 1941 and the plaintiff

herein, "are one and the same lodge, since the plaintiff is the successor and continuator of the former lodge having the same name, purposes, and domicile."

That contention is untenable. The statement of Motives of Act No. 14 of April 9, 1941, "To dissolve certain domestic corporations and associations" including "Respetable Logia Caballeros del Plata No. 9758," recites that the corporations and associations to be dissolved "have lost all their proper-ties, and all of them have ceased to engage in the business for which they were organized." At the time Act No. 14 took effect the lodge, which by virtue of the same law was dissolved, had already sold by public deed to Lucía García Méndez the property in controversy, and the money received by the vendor lodge was used to pay the liens and taxes which encumbered the property sold. The amount remaining after payment of all those charges, was distributed in equal shares among the active members of the vendor lodge, and the sum of $60 was allotted to each member, as appears from the corresponding receipts introduced in evidence.

The certificates admitted in evidence show that the incorporators of the lodge dissolved by Act No. 14 of 1941, were distinct from the incorporators of the plaintiff lodge herein.

The vendor corporation ceased to exist on July 9, 1941, the date on which Act No. 14 of that same year became effective. Even assuming that the sale made on August 6, 1936, notwithstanding the fact that it was authorized and ratified by the active members of the lodge, were voidable or nonexistent, we would always have to reach the unavoidable conclusion that the plaintiff lodge has not established its right to request that said sale be annulled or declared nonexistent. The plaintiff has not introduced any evidence tending to show that any right of action which said corporation might have had was assigned by the latter before its dissolution, or by its active members subsequent to the date on which said corporation ceased to have any legal existence.

The statement made by the incorporators of the plaintiff lodge in Clause 9 of its articles of incorporation, *supra*, can not have the legal effect of making the plaintiff lodge owner of the rights and claims of the extinct lodge.

The judgment appealed from will be affirmed.

Mr. Justice De Jesús did not participate herein.